# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX JACKSON | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. _____ |
| UNITED STATES OF AMERICA | § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Alex Jackson, (hereinafter "Plaintiff"), and file this Original Complaint, complaining of the United States of America (herein "Defendant"), and for causes of action would respectfully show the Court as follows:

### A. PARTIES

1. Plaintiff, Alex Jackson, is an individual that is a citizen of the State of Texas.

2. Defendant, the United States of America, may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Southern District of Texas and by sending a copy of the summons and of the complaint by certified mail to the U.S. Attorney General, Department of Justice, located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

### B. JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1346(b) because the suit involves a claim against the United States for personal injuries caused by the negligent act of a government employee while acting within the scope of his employment. Congress has vested

federal courts with exclusive jurisdiction over certain actions, including but not limited to cases in which the United States is a party.

## C. VENUE

4. Venue is proper in this district under 28 U.S.C. §1402(b) because the act complained of occurred in this district. The collision occurred in Harris County, Texas, which is in the same vicinity as the United States District Court, Sothern District of Texas, Houston Division. Therefore, Defendant is subject to suit in this venue.

## D. CONDITIONS PRECEDENT

5. Plaintiff timely presented this claim in writing to the Department of the Navy. This suit is filed within six months after Plaintiff presented his claim by submitting the Standard Form 95 (SF-95) to the Department of Navy, Office of the Judge Advocate General.

## E. FACTS

6. On or about Tuesday, January 7, 2020, Plaintiff suffered personal injuries when Plaintiff's car was rear-ended by a vehicle owned by the Department of the Navy and operated by the United States Department of the Navy's employee, Zachary Davis Head, acting within the scope of his office and/or his employment.

7. Plaintiff was traveling at the 6000 block of Memorial Drive and Washington Avenue, Houston, Texas. At the same time, the U.S. Department of the Navy's employee, Zachary Davis Head, was traveling at the 6000 block of Memorial Drive and Washington Avenue traveling directly behind the Plaintiff.

8. Upon information and belief, Zachary Davis Head failed to control his speed pursuant to Texas Transportation Code § 545.351 striking the rear of Plaintiff's vehicle and such a failure caused the collision and damages sustained by Plaintiff.

9. Investigating officer noted Zachary Davis Head's failure control speed as the only factor contributing to the collision. Officer issued no charges to Plaintiff.

10. Zachary Davis Head was an employee of Defendant and the Department of Navy at the time of the collision and was acting in the course and scope of his employment during the act that caused Plaintiff's injuries.

11. The collision, which was a direct, producing, and proximate result of Defendant's negligence, caused serious injuries to Plaintiff requiring medical treatment.

12. But for Defendant's negligent behavior, as more specifically described herein, Plaintiff would not have suffered the pecuniary losses, mental anguish, or permanent and disabling injuries they sustained in the subject collision. The negligent behavior of Defendant is the producing and proximate cause of Plaintiff's damages.

13. To this day, Plaintiff is still undergoing treatment as a result of the incident and will require significant medical treatment and therapy into the future. As a result of Defendant's conduct, Plaintiff's life is forever changed physically, mentally, emotionally, and financially, and faces a long road to recovery.

## F. CAUSES OF ACTION

### A. NEGLIGENCE

14. U.S. Department of Navy's employee, Zachary Davis Head, owed a duty to the general public and to Plaintiff to use ordinary care in operating a vehicle on a public road.

15. Defendant's employee, Zachary Davis Head, breached that duty in numerous ways, including, but not limited to:

   (1) Failing to control his speed;

   (2) Failing to keep a proper lookout;

  (3) Failing to timely apply his brakes;

  (4) Failing to steer to avoid the collision; and,

  (5) Failing to warn Plaintiff of the imminent collision.

16. Each of the foregoing acts and omissions, either singularly or in combination, constituted negligence, which proximately caused the occurrence made the basis of this lawsuit, and Plaintiff's resulting injuries and damages pled herein.

## G. FEDERAL TORTS CLAIMS ACT

17. The act committed by Zachary Davis Head was negligent.

18. Mr. Head owed a duty to exercise ordinary care and operate the vehicle on a public road reasonably and prudently.

19. Under the laws of the State of Texas, a private person would be liable to Plaintiff for this negligent act. Thus, under 28 U.S.C. §2674, the United States of America is liable to Plaintiff for his damages arising from the personal injuries.

## H. DAMAGES

20. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained suffered the following injuries:

  a. Medical, hospital, and pharmaceutical charges and expenses in the past;

  b. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

  c. Physical pain and suffering in the past;

  d. Physical pain and suffering that, in reasonable probability, will be suffered in the future;

  e. Mental anguish suffered in the past;

  f. Mental anguish that, in reasonable probability, will be suffered in the future;

  g. Disability and impairment in the past;

  h. Disability and impairment that, in reasonable probability, will occur in the future;

  i. Physical disfigurement in the past;

  j. Physical disfigurement that, in reasonable probability, will occur in the future;

  k. Loss of earnings and earning capacity in the past; and

  l. Loss of earnings and earning capacity that, in reasonable probability, will occur in the future.

## I. PRAYER

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and that upon trial Plaintiff has judgment against Defendant for actual damages in an amount the jury deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with post-judgment interest, exemplary damages, costs of suit, and for all other relief the Court deems appropriate.

*{this space has been intentionally left blank}*

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: <u>*/s/ Brant J. Stogner*</u>
    Brant J. Stogner
    Texas Bar No. 24038389
    S.D.TX. Federal ID No. 747984
    "Attorney-in-charge"
    Jennifer O. Stogner
    Texas Bar No. 24056056
    S.D.TX. Federal ID No. 978927
    Soroush Montazari
    Texas Bar No. 24105161
    S.D.TX. Federal ID No. 3513507
    800 Commerce Street
    Houston, Texas 77002
    Telephone: 713-222-7211
    Fax: 713-225-0827
    BStogner@awtxlaw.com
    JStogner@awtxlaw.com
    SMontazari@awtxlaw.com

**ATTORNEYS FOR PLAINTIFF**